## Adams' Estate

*Craig & Blass*, for petitioner.
*Thomas S. Mszanowski*, for Commonwealth.

WAITE, J., June 21, 1938.—This matter is before the court on a rule upon the Commonwealth to show cause why an appeal nunc pro tunc from an appraisement made by the inheritance tax appraiser for the Commonwealth should not be allowed.

In substance, the petition on behalf of the estate shows that decedent died intestate May 29, 1937; that letters of administration were issued to petitioner on June 8, 1937; that the estate consisted of certain real estate in Harborcreek Township and personal property appraised at $1,368; that included in said appraisement was a certain judgment against B. F. Chambers (at no. 225 November term, 1933, C. P. Erie Co.) appraised with accrued interest at $1,272 but which it has been subsequently found has no value and is uncollectible; that the personal estate being insufficient for the payment of decedent's debts, the real estate was by order of court sold on March 21, 1938, for that purpose at prices aggregating $3,985 and the sale subsequently confirmed by the court.

It then being apparent that the estate was insolvent and therefore no inheritance tax due the Commonwealth, the administratrix on March 29, 1938, presented her petition for the allowance of an appeal nunc pro tunc from the inheritance tax appraisement of the Commonwealth amounting to $6,746 as follows:

*Personal Estate*

Judgment No. 225 November Term,
1933 ...........................$ 650.00
Household Goods, etc. ............   96.00

*Real Estate*

Property described in Deed Book 184,
Page 791 (Hannon Road) ......$2,300.00
Property described in Deed Book 350,
Page 294 (Buffalo Road) ........ 3,000.00
Property described in Deed Book 342,
Page 508 (Lot on Buffalo Road) ..  600.00
Lot Nos. 1 and 2 Garfield Terrace
($50 ea.) .....................  100.00

Total $6,746.00

Upon this petition for an appeal nunc pro tunc from the above appraisement, a rule to show cause was granted returnable April 21, 1938. At the hearing on the rule, testimony was produced on behalf of the estate substantiating the allegation set forth in the petition. No answer being filed nor testimony offered on behalf of the Commonwealth, we must for the purpose of this rule take as true the facts set forth in the petition and sustained by the evidence produced.

In the absence of fraud, accident, or mistake, an appeal from an appraisement by the Commonwealth for inheritance tax purposes must be taken to the orphans' court within a period of 30 days as provided for in the Act of June 20, 1919, P. L. 521, 72 PS §2327. Upon the record as it now stands, it appears that a mistake was made in the valuation placed upon both the real estate and the

personal property.' In the absence of testimony to the contrary, we are bound to conclude that the price of $3,985 received for the real estate at the public sale represents its fair market value. This shows a mistake of $2,015 in its appraised value by the Commonwealth. For the same reason a mistake and over-valuation amounting to $600 is shown on the appraisal of the personal estate by reason of the valuation placed upon the B. F. Chambers judgment, which as now appears has no value and is uncollectible. The facts presented in the instant case are unusual. So far as we have been able to find, no appeal nunc pro tunc from an inheritance tax appraisement has ever been asked for, granted, or refused by our appellate courts. There are, however, two cases in the district courts in which appeals nunc pro tunc from inheritance tax appraisements have been asked for. In one of these — In the Matter of the Estate of Charles A. Hughes, Deceased, no. 281, Orphans' Court, Blair County, 1928—cited in Commonwealth's brief, an appeal nunc pro tunc was refused. The opinion in that case shows that the appeal was not asked for until three and one half years after decedent's death. The other case is Tagg's Estate, 38 Dauph. 48, which appeal nunc pro tunc was allowed more than 30 days after the assessment of the tax by the Commonwealth, because a mortgage having an unpaid balance of $3,400 was mistakenly included in both the inventory and the appraisement for inheritance tax purposes by the Commonwealth. Judge Fox, delivering the opinion of the court in that case, said:

"There is no case in our courts of a petition for an appeal nunc pro tunc, so far as we have been shown or found, based upon any reason except that of fraud. But in said case and in the case of Field's Appeal, 305 Pa. 125, 129, the Supreme Court cited with approval the cases of Smythe v. Boswell, 20 N. E. 263, Hutt v. Martin, 30 N. E. 698, and in the latter case it is said: 'We think it clear that an appellate court has the inherent power to

relieve against accident and (in) excusable mistake in the proper case. . . . All parties must be brought in within the time limited for appealing, unless accident, fraud or inexcusable mistake is affirmatively shown.' In the latter of the last mentioned cases it has been held that, besides fraud, an appeal nunc pro tunc may be allowed if accident or (in) excusable mistake be affirmatively shown.

"In Section 1, Chapter III, Bispham's Principles of Equity, 9th Edition, page 56, that learned author says: 'Equity will not suffer a right to be without a remedy. The principle expressed by this maxim is, indeed, the foundation of equitable jurisdiction, because, as we have seen, that jurisdiction had its rise in the inability of the common-law courts to meet the requirements of justice.'

". . . The Commonwealth is asking that it be paid money to which in justice it is not entitled. This is against public policy and under the above definition would be a constructive fraud." (Parenthesis ours.)

The reasoning of the court in the case is equally applicable in the instant case.

Neither no. 393, February term, 1937, nor 458 and 468, September term, 1933, Erie County cases cited in Commonwealth's brief, are in point since in each of those cases the appeals should have been taken to the Court of Common Pleas of Dauphin County and it was for lack of jurisdiction that the appeals were dismissed.

The Commonwealth should in all controversies involving the rights or property of its citizens show a disposition to be fair. Under the facts as they now appear in the case before us, it would show a more commendable spirit on the part of the Commonwealth to join in the request for the appeal instead of opposing it. If the Commonwealth has evidence justifying the imposition of this tax or any part of it, it may be shown at the hearing on the appeal. Petitioner did not know that the Chambers judgment (no. 225, November term, 1933) included in the personal estate had no value nor that the estate was in-

solvent until the property was sold on March 21, 1938, eight days before this petition was presented. The mistake as to the value of the property and its nonliability for inheritance taxes because of insolvency is therefore excusable and in our opinion the rule should be made absolute and the appeal allowed.

*Order*

And now, to wit, June 21, 1938, upon due consideration, the rule heretofore granted on petitioner's motion is made absolute and the appeal nunc pro tunc is granted as prayed for upon filing a proper bond as required by law.